## PENNSYLVANIA R. CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. July 20, 1922.)

No. 3098.

Railroads ☞229—Relocation of new ladder on car required by standardization order.

 Where a railroad company, subject to Safety Appliance Act April 14, 1910, § 3 (Comp. St. § 8619), renewed an improperly located end ladder on a car of the class described in the exception to the Interstate Commerce Commission's standardization order of March 13, 1911, providing that carriers are not required to change the location of the brakes or to change the end ladders on such cars, except when appliances are renewed, a relocation of the ladder was required, though there was no renewal of the brakes.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the United States against the Pennsylvania Railroad Company. Judgment for the United States, and defendant brings error. Affirmed.

Theodore Schmidt, of Chicago, Ill., for plaintiff in error.

Stacey H. Myers, of Washington, D. C., for the United States.

Before ALSCHULER and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. The facts are hardly in dispute. The question presented arises out of the application of the Safety Appliance Act (Comp. St. § 8605 et seq.), to such facts. The Interstate Commerce Commission, pursuant to the provisions of this act, made an order, March 13, 1911, requiring ladders at the end of box cars to be placed 8 inches from the left side of the car, and also changing the location of the brakes.

Plaintiff in error renewed an end ladder some 32½ inches from the left side of a box car. It conceded a duty to so equip its cars as provided by section 3 of the Safety Appliance Act of April 14, 1910, c. 160,

36 Stat. 298 (Comp. St. § 8619), and the rules and regulations of the Interstate Commerce Commission promulgated thereto, but denied liability in this case because of an exception to the rule announced at the time of the promulgation of such rules. The exception thus referred to reads:

"(a) Carriers are not required to change the brakes from right to left side on steel or steel underframe cars with platform end sills, or to change the end ladders on such cars, except when such appliances are renewed, at which time they must be made to comply with the standards prescribed in said order of March 13, 1911."

There being no question but that the car was one of the class described in the exception, plaintiff in error contends liability was not disclosed because a change in the location of the new ladder was unnecessary, unless there was also a renewal of the brakes referred to in the above quoted exception. In support of this view it was urged that there is an interdependent relation between the two which required the ladder to be in near proximity to the brakes, and that the practice of the plaintiff in error in the past, sanctioned by the Commission, had been to relocate the ladder only when both ladder and brakes needed to be removed, but not to change location when only one was being renewed.

The use of the disjunctive "or" in the extension order above quoted leaves no room for speculation as to the true meaning or proper construction of the sentence. It is evident that the Commission's standardization order applied to brakes and to ladders. Uniformity in construction and in location of the appliances, it was thought, would lessen the hazards of those who necessarily climbed trains in all kinds of weather and at all times of the day and night. But the expense incident to an immediate change was evidently large, and the Commission extended the time during which the carrier could lawfully comply with the requirement to such dates as the wear and tear on the car necessitated a new ladder or a new brake.

Could it have been intended that, notwithstanding a new ladder was to replace the old one, its relocation was mandatory only when the carrier was also replacing the brake? If this be the proper construction of the order, then the Commission left the enforcement of its order to the carrier, for it is hardly conceivable that the brake and the ladder would both require replacement at the same time. Moreover, the carrier could without difficulty or embarrassment see to it that the two were never replaced at the same time.

It is unnecessary to refer to any of the well-recognized canons of statutory construction to determine this question, for the Commission by its language and its obvious purpose made the relocation of the ladder necessary when an improperly located ladder was renewed. In passing it might be added that the extension order upon which plaintiff in error relies is an exception, and the burden is therefore on it to bring its case within the exception.

The judgment is affirmed.